**NOT FOR PUBLICATION**

MAR 08 2010

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLOR MARIA DE PAZ CAAL, | No. 07-74796 |
| Petitioner, | Agency No. A070-915-554 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Flor Maria De Paz Caal, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

KV/Research

removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Prasad v. INS*, 47 F.3d 336, 339 (9th Cir. 1995), and we deny the petition for review.

Substantial evidence supports the agency's finding that De Paz Caal failed to establish past persecution because her experiences in Guatemala did not rise to the level of persecution. *See id*. at 339-40. Substantial evidence also supports the agency's finding that De Paz Caal did not demonstrate a well-founded fear of future persecution because her two voluntary return trips to Guatemala undermined her claim, *see Loho v. Mukasey*, 531 F.3d 1016, 1017-18 (9th Cir. 2008), and because she failed to show the harm to her brother was part of a pattern of persecution closely tied to her, *see Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991). Accordingly, her asylum claim fails.

Because De Paz Caal failed to establish eligibility for asylum, it necessarily follows that she did not meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's denial of CAT relief because De Paz Caal failed to demonstrate that it is more likely than not she will be tortured in Guatemala. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**